IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TRACY JOSEPH JOHNSON,**                              3:15-CV-00125-PK

       **Plaintiff,**                                    ORDER

v.

**TILLAMOOK COUNTY, BOBBY LUNDY,
TRACI HILLSTROM, VICTOR
GUTIERREZ, BRAD ROHDE, JENNY
MOBERG, RACHEL BRANTNER,
BRETT DYE, and GLEN WATSON,**

       **Defendants.**

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#62) on April 18, 2016, in which he recommends the Court grant in part and deny in part Defendants' Motion (#47) for Summary Judgment. Defendants filed timely Objections (#67) to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make

1 - ORDER

a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## DISCUSSION

Plaintiff alleges four claims against Tillamook County and the eight individual Defendants[1]:  (1) an Eighth Amendment claim against Lundy, Hillstrom, Gutierrez, Rohde, Brantner, Dye, and Watson (Deputies) and Moberg in which Plaintiff alleges these Defendants were deliberately indifferent to his medical needs; (2) an Eighth Amendment *Monell* claim against the County in which Plaintiff alleges the County's "custom, policy, and practice" violated his Eighth Amendment rights; (3) an Americans with Disabilities Act (ADA) claim against the County and the Deputies in which Plaintiff alleges these Defendants did not reasonably accommodate him; and (4) a state negligence claim against the County in which Plaintiff alleges the County failed to ensure his health and safety.  All Defendants moved for summary judgment as to each claim asserted against them.

The Magistrate Judge recommends the Court grant Defendants'

---

[1] Seven of the eight individual Defendants (Lundy, Hillstrom, Gutierrez, Rohde, Brantner, Dye, and Watson) are Deputy Sheriffs of Tillamook County, and Defendant Moberg is a nurse-employee of Tillamook County.

2 - ORDER

Motion for Summary Judgment as to Defendant Moberg only on Plaintiff's First Claim; grant Defendants' Motion as to all Defendants on Plaintiff's request for lost wages; deny Defendants' Motion as to Plaintiff's Fourth Claim on the ground that Oregon permits Plaintiff to proceed with his Fourth Claim against the County even though it is based on the same facts as his § 1983 claims; and deny Defendants' Motion in all other respects on the grounds that there are genuine disputes of material fact that preclude summary judgment in favor of the County and the Deputies.

## I.    Liability of Individual Defendants

Defendants Victor Gutierrez, Rachel Brantner, and Glen Watson object to the Magistrate Judge's findings as to Plaintiff's claims against them.  These Defendants argue there is not any evidence to support a conclusion that they personally participated in the alleged violations that are the basis of Plaintiff's First and Third Claims.

A court may grant summary judgment to individual defendants on a § 1983 claim if the plaintiff "failed to raise a triable dispute as to whether these defendants personally participated in the alleged constitutional violations." *Hinkley v. Vail*, 616 F. App'x 274, 275 (9th Cir. 2015).  The plaintiff, however, must establish "integral participation and individual liability" in a case brought pursuant to § 1983.  *Jones v. Williams*, 297 F.3d

3 - ORDER

930, 939 (9th Cir. 2002). Mere presence "or membership in a group, without personal involvement in and a causal connection to the unlawful act" does not create liability under § 1983. *Id.* In other words, an officer cannot be held liable based solely on membership in a group or team that engages in unconstitutional conduct unless the officer had "integral participation" in the alleged constitutional violation. *Chuman v. Wright,* 76 F.3d 292, 294 (9th Cir. 1996).

The Magistrate Judge found the following pertinent facts: Plaintiff experienced an allergic reaction while incarcerated by the County as a result of exposure to flourescent lighting; Defendant Jenny Moberg, the medical nurse on duty, advised "all deputies" that were working on February 28, 2014, (the date Plaintiff was incarcerated) that Plaintiff needed to be released due to his medical issue; Plaintiff testified every time a deputy walked by his cell or offered him food, he would summon them for help regarding his condition and they would ignore him; and the Officer Activity Log showed that all of the Deputy Defendants other than Brad Rohde offered Plaintiff food and walked by his cell to perform visual checks.

Thus, the Magistrate Judge found a reasonable trier of fact could find the Deputies "acted with deliberate indifference by ignoring [Plaintiff]'s direct requests for medical help," and, therefore, the Magistrate Judge recommends the Court deny the

4 - ORDER

portion of Defendants' Motion for Summary Judgment based on this premise. The Court adopts the Magistrate Judge's finding and, therefore, concludes a reasonable juror could find that Gutierrez, Brantner, and Watson personally participated in the alleged constitutional violations and were not merely present.

**II.  Plaintiff's ADA Claim**

Defendants also argue in their Objection that Plaintiff's Third Claim in his First Amended Complaint regarding violation of the ADA may only be brought against the individual Defendants in their official capacity. This issue does not appear to have been raised in Defendants' Motion for Summary Judgment and was not specifically addressed by the Magistrate Judge in his Findings and Recommendation.

The Court notes, however, in his First Amended Complaint Plaintiff brings the Third Claim against Tillamook County and the Deputies "in their official capacities." First Am. Compl. at ¶ 22. The Court, therefore, concludes the Defendants' Objection is moot.

**III. Plaintiff's Negligence Claim**

Defendants also assert in their Objections that Plaintiff can bring his Fourth Claim against the County only pursuant to Oregon Revised Statute § 30.265(2). In his Response Plaintiff acknowledges he brings this claim only against the County and not the individual Defendants. First Am. Compl. at ¶ 28. The Court,

5 - ORDER

therefore, concludes Defendants' Objection as to this issue is moot.

In summary, this Court has carefully considered Defendants' Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#62) and **GRANTS in part** and **DENIES in part** Defendants' Motion (#47) for Summary Judgment as follows:

1. **GRANTS** Defendants' Motion as to Plaintiff's First Claim as to Defendant Moberg only,

2. **GRANTS** Defendants' Motion as to Plaintiff's request for lost wages, and

3. **DENIES** the remainder of Defendants' Motion.

IT IS SO ORDERED.

DATED this 20th day of July, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge